UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————————————X   For Online Publication Only
ANTHONY NWAJEI, on behalf of himself and
others similarly situated,

                      Plaintiff,

        -against-                            **ORDER**
                                          23-cv-5541 (JMA) (JMW)
E&E OF FIVE TOWNS, INC. d/b/a Barbacoa
Burger House, EDUARD SHAULOV a/k/a Eddie
Shaulov, and EDDIE DOE,

                      Defendants.
——————————————————————————X

**AZRACK, United States District Judge:**

      By way of Complaint dated July 21, 2023, Plaintiff Anthony Nwajei commenced this action against Defendants E&E of Five Towns, Inc., d/b/a Barbacoa Burger House ("Five Towns") and its owners and operators Eduard "Eddie" Shaulov ("Shaulov") and Eddie Doe ("Doe"), alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") on behalf of himself and other similarly situated former employees of Defendants. (See ECF No. 1 ("Compl.").) Specifically, Plaintiff alleges: (i) misappropriation of tips under the FLSA (Count I); (ii) misappropriations of tips under the NYLL (Count II); (iii) failure to furnish a wage notice under the NYLL (Count III); and (iv) failure to furnish wage statements under the NYLL, on behalf of himself and other similarly situated employees (Count IV). (See id. at ¶¶ 77–100.)

      On January 5, 2024, Defendants moved to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). (See ECF No. 23 ("Def. Mot.").) On January 11, 2024, upon request by the parties, the case was referred to mediation. (See ECF No. 28; see also Elec. Order dated January 11, 2024.) On April 9, 2024, Plaintiff informed the Court that the parties did not

reach a settlement following the mediation. (See ECF No. 30.) On April 16, 2024, this Court referred Defendant's motion to dismiss to Magistrate Judge James M. Wicks for a Report and Recommendation ("R&R"). (See Elec. Order dated Apr. 17, 2024.) On July 8, 2024, the parties appeared before Judge Wicks for an Oral Argument on Defendants' motion to dismiss. (See ECF No. 33.)

Before the Court today is a R&R from Judge Wicks (ECF No. 34), which recommends that Defendants' motion to dismiss be granted. Judge Wicks concluded that "Plaintiff has failed to state a claim for misappropriation of tips under the FLSA[,] and … the Court should decline to exercise supplemental jurisdiction over the state law claims." (ECF No. 34, at 25.) Judge Wicks further concluded: "In the event the Court determines to exercise supplemental jurisdiction over the state law claims, those claims adequately state claims under state law and the motion to dismiss as to those should be denied. To the extent the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, those should be dismissed without prejudice." (Id.) No objections to the R&R have been filed; the time for doing so has expired. For the reasons stated below, the R&R is adopted in its entirety.

### I. LEGAL STANDARD

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b)(3); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (quoting Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002)); see also Phillips v. Long Island R.R. Co., 832 F. App'x 99, 100 (2d Cir. 2021) (same). In

the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record." Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted). Clear error will be found only when, upon review of the entire record, the Court is "left with the definite and firm conviction that a mistake has been committed." United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quoting United States v. Garcia, 413 F.3d 201, 222 (2d Cir. 2005)).

## II.     DISCUSSION

The Court has carefully reviewed the record and the unopposed R&R for clear error and, finding none, hereby adopts Judge Wicks's well-reasoned and twenty-six paged R&R in its entirety as the opinion of the Court.

## III.     CONCLUSION

Accordingly, Defendants' motion to dismiss (ECF No. 23) is GRANTED. Plaintiff fails to state a claim under the FLSA, and the Court declines to exercise supplemental jurisdiction over Plaintiff's NYLL claims. The NYLL labor claims are thereby dismissed without prejudice to their potential refiling in state court. The Clerk of Court is respectfully requested to close ECF Nos. 23 and 34, enter judgment, and close this case.

**SO ORDERED.**

Dated: July 24, 2024
Central Islip, New York

                                                /s/  JMA
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE